IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JAMES HARRINGTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 16−cv−1264−SMY |
| ) | |
| L.T. FELDHAKE, ) | |
| SGT. WORKMAN, ) | |
| and WARDEN MOSS, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff James Harrington, a former inmate of Lawrence Correctional Center currently on parole, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. This case is now before the Court for a preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-

1

27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Upon careful review of the Complaint and any supporting exhibits, the Court finds it appropriate to allow this action to proceed.

## The Complaint

Plaintiff makes the following allegations (Doc. 1): On June 10, 2015, Plaintiff was prevented from getting a meal by Defendants Feldhake and Workman. (Doc. 1, pp. 6-7). Plaintiff filed a grievance about the incident. (Doc. 1, p. 7). A few days later, Defendant Moss came to Plaintiff's living unit to discuss what happened. *Id.* Plaintiff informed Moss that he was denied food and Moss told him that he would take care of the problem. *Id.* The following day, Workman and Feldhake forced Plaintiff to sit alone at a table for troubled inmates and "verbally assault[ed]" Plaintiff, calling him a "snitch bitch" and stating that "it was not over." *Id.* This continued for the next 4 days or so. *Id.*

On June 15, 2015, Plaintiff was forced to dump his food in the trash by Workman, who then took him to Major Kinney's office. Feldhake and Workman told Kinney that Plaintiff was a "Snitch Bitch" who had "cried to Warden Moss about what they were doing to" him. (Doc. 1, p. 8). Plaintiff denied Feldhake and Workman's claims that he was "a big problem," but Kinney told him he would be dealt with once "chow" had ended. *Id.* Plaintiff remained in Kinney's office, and once "chow" ended, he was violently assaulted, choked and battered by Workman

2

and Feldhake. *Id.* Plaintiff was punched several times in the face and the back of his head and was choked to the verge of passing out, all while he was handcuffed. (Doc. 1, p. 9). Feldhake then demanded that Plaintiff strike him, but he refused. *Id.* Feldhake told Plaintiff to "never again go and snitch to the warden." *Id.*

Plaintiff was put in segregation for 30 days and given an Inmate Disciplinary Report, allegedly to cover up Feldhake and Workman's assault of him. (Doc. 1, p. 8). He was taken to the Health Care Unit on June 17, 2015 to be treated for his injuries from the attack, including his "'choking' injury." (Doc. 1, p. 9). Plaintiff filed a grievance regarding the assault on June 16, 2015. (Doc. 1, p. 10).

## **Discussion**

Based on the allegations of the Complaint, the Court finds it convenient to divide the pro se action into 4 counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court.

**Count 1 –** Feldhake and Workman used excessive force on Plaintiff in violation of the Eighth Amendment's prohibition against cruel and unusual punishment when they assaulted Plaintiff on June 15, 2015.

**Count 2 –** Feldhake and Workman violated Plaintiff's First Amendment rights when they retaliated against him for filing a grievance against them by denying him food, verbally abusing him, and assaulting him from June 11, 2015 to June 15, 2015.

**Count 3 –** Moss failed to protect Plaintiff from mistreatment by Feldhake and Workman after June 10, 2015 until Plaintiff was attacked on June 15, 2015, despite having been informed of their previous violation of Plaintiff's rights and assuring Plaintiff he or she would remedy the situation.

**Count 4 –** Feldhake and Workman violated the Eighth Amendment's prohibition against cruel and unusual punishment by denying Plaintiff food on June 10, 2015.

Any other intended claim that has not been recognized by the Court is considered dismissed without prejudice as inadequately pleaded under the *Twombly* pleading standard.

### Count 1

The intentional use of excessive force by prison guards against an inmate without penological justification constitutes cruel and unusual punishment in violation of the Eighth Amendment and is actionable under § 1983. *See Wilkins v. Gaddy*, 559 U.S. 34 (2010); *DeWalt v. Carter*, 224 F.3d 607, 619 (7th Cir. 2000). An inmate must show that an assault occurred and that "it was carried out 'maliciously and sadistically' rather than as part of 'a good-faith effort to maintain or restore discipline.'" *Wilkins*, 559 U.S. at 40 (citing *Hudson v. McMillian*, 503 U.S. 1, 6 (1992)). An inmate seeking damages for the use of excessive force need not establish serious bodily injury to make a claim. However, not "every malevolent touch by a prison guard gives rise to a federal cause of action." *Wilkins*, 559 U.S. at 37-38 (the question is whether force was de minimis, not whether the injury suffered was de minimis); *see also Outlaw v. Newkirk*, 259 F.3d 833, 837-38 (7th Cir. 2001).

Plaintiff has sufficiently alleged that he was assaulted by Feldhake and Workman without penological justification. He alleges that they punched him several times in the face and head and choked him to the point of losing consciousness, all while he was handcuffed. (Doc. 1, pp. 8-9). He also alleges that they assaulted him in retaliation for grievances he filed against them, rather than for any legitimate misconduct on his part. *Id.* Therefore, Count 1 will proceed against Feldhake and Workman.

### Count 2

Prison officials may not retaliate against inmates for filing grievances or otherwise complaining about their conditions of confinement. *See, e.g.*, *Gomez v. Randle*, 680 F.3d 859,

4

866 (7th Cir. 2012); *Walker v. Thompson*, 288 F.3d 1005 (7th Cir. 2002); *DeWalt v. Carter*, 224 F.3d 607 (7th Cir. 2000); *Babcock v. White*, 102 F.3d 267 (7th Cir. 1996); *Cain v. Lane*, 857 F.2d 1139 (7th Cir. 1988). Naming the suit, or non-frivolous grievance, and the act of retaliation is all that is necessary to state a claim of improper retaliation. *Higgs v. Carver*, 286 F.3d 437, 439 (7th Cir. 2002); *see also Thomson v. Washington*, 362 F.3d 969, 971 (7th Cir. 2004) (filing a non-frivolous grievance is constitutionally protected and will support a retaliation claim).

At issue here is whether Plaintiff experienced an adverse action that would likely deter First Amendment activity in the future, and if the First Amendment activity was "at least a motivating factor" in the Defendants' decision to take the retaliatory action. *Bridges v. Gilbert*, 557 F.3d 541, 551 (7th Cir. 2009). Plaintiff alleges that he was verbally abused, denied food and attacked by Feldhake and Workman in retaliation for his filing a grievance against them. (Doc. 1, pp. 7-9, 11-12). These allegations sufficiently state a claim for retaliation. Accordingly, Count 2 will be allowed to proceed against Feldhake and Workman.

### Count 3

The doctrine of respondeat superior does not apply to § 1983 actions. In order to be liable, a defendant must be alleged to be personally responsible for the constitutional violation. *See Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001) (citing *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995)). Where a defendant has been alleged to have directed the conduct or to have given knowing consent to the conduct which caused the constitutional violation, that defendant has sufficient personal involvement to be responsible for the violation, even though that defendant has not participated directly in the violation. *Chavez*, 251 F.3d at 652; *McPhaul v. Bd. of Comm'rs of Madison Cnty.*, 226 F.3d 558, 566 (7th Cir. 2000). A defendant in a supervisory capacity may be liable for "deliberate, reckless indifference" where he

or she has purposefully ignored the misconduct of his/her subordinates. *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) (discussing *Chavez*, 251 F.3d at 651 ("The supervisors must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye for fear of what they might see.")).

Plaintiff asserts that Moss failed to correct Feldhake and Workman's misconduct after Plaintiff informed him or her of it through grievances and in-person complaints. (Doc. 1, p. 11). Moss allegedly told Plaintiff that he or she would take care of it, but did nothing. Plaintiff further alleges that he was verbally and physically abused by Feldhake and Workman in the days immediately following this conversation with Moss. (Doc. 1, p. 7). These allegations are sufficient to state a viable claim against Moss, and Count 3 will not be dismissed at this stage.

## Count 4

An Eighth Amendment violation occurs if a prisoner is denied an "identifiable need such as food." *Reed v. McBride,* 178 F.3d 849, 853 (7th Cir.1999) (citing *Wilson v. Seiter,* 501 U.S. 294, 304 (1991)). In examining such claims, courts must assess the amount of food an inmate was deprived as well as the duration of the deprivation when determining whether an Eighth Amendment violation may have occurred. *Reed,* 178 F.3d at 853. "One or two missed meals are not actionable as Eighth Amendment violations." *Curiel v. Stigler,* 2008 WL 904894, at *5 (N.D. Ill. Mar. 31, 2008); *see also Cullum v. Brown*, No. 12-cv-1146-JPG, 2013 WL 159931, at *1 (S.D. Ill. Jan. 15, 2013).

Plaintiff claims he was deprived of two separate meals, several days apart. (Doc. 1, pp. 6-8). This is not the type of prolonged and serious deprivation that would threaten Plaintiff's ability to maintain normal health. *See Wilson v. Seiter*, 501 U.S. 294, 304 (1991); *Rhodes v.*

*Chapman*, 452 U.S. 337, 347 (1981); *Sanville v. McCaughtry*, 266 F.3d 724, 734 (7th Cir. 2001). Count 4 will therefore be dismissed without prejudice.

## Pending Motions

Plaintiff has filed a Motion for Appointment of Counsel (Doc. 5), which is **REFERRED** to United States Magistrate Judge Reona J. Daly for a decision.

## Disposition

**IT IS HEREBY ORDERED** that **COUNT 1** shall **PROCEED** against **FELDHAKE** and **WORKMAN**.

**IT IS FURTHER ORDERED** that **COUNT 2** shall **PROCEED** against **FELDHAKE** and **WORKMAN**.

**IT IS FURTHER ORDERED** that **COUNT 3** shall **PROCEED** against **MOSS**.

**IT IS FURTHER ORDERED** that **COUNT 4** shall be **DISMISSED** without prejudice as against all defendants for failure to state a claim upon which relief can be granted.

**IT IS FURTHER ORDERED** that as to **COUNTS 1**, **2**, and **3**, the Clerk of Court shall prepare for **FELDHAKE**, **WORKMAN**, and **MOSS**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to each defendant's place of employment as identified by Plaintiff.  If any defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that defendant, and the Court will require that defendant pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a defendant who no longer can be found at the work address provided by

Plaintiff, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, the defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon each defendant (or upon defense counsel once an appearance is entered) a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on the defendant or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge Reona J. Daly for further pre-trial proceedings, including a decision on Plaintiff's Motion for Recruitment of Counsel (Doc. 5). Further, this entire matter shall be **REFERRED** to United States Magistrate Judge Reona J. Daly for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, despite the fact that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the

Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**
**DATED: March 22, 2017**

s/ STACI M. YANDLE
**U.S. District Judge**