IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JAMES HARRINGTON, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 16-CV-1264-SMY-RJD |
| LT. FELDHAKE, SGT. WORKMAN, and WARDEN MOSS, | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

This matter is before the Court on Defendants' First and Second Motion for Sanctions and Dismissal (Docs. 31 and 32). For the following reasons, the Motions are **GRANTED**.

### Background

Plaintiff James Harrington is a former inmate in the custody of the Illinois Department of Corrections ("IDOC"). Harrington filed this lawsuit pursuant to 42 U.S.C. § 1983, alleging his constitutional rights were violated while he was incarcerated at Vandalia Correctional Center. Harrington is proceeding in this action on the following claims:

Count One: Feldhake and Workman used excessive force on Harrington in violation of the Eighth Amendment's prohibition against cruel and unusual punishment when they assaulted him on June 15, 2015.

Count Two: Feldhake and Workman violated Harrington's First Amendment rights when they retaliated against him for filing a grievance by denying him food, verbally abusing him, and assaulting him from June 11, 2015 to June 15, 2015.

Count Three: Moss failed to protect Harrington from mistreatment by Feldhake and Workman after June 10, 2015 until he was attacked on June 15, 2015.

Soon after Harrington filed his Complaint, he submitted a notice of change of address, indicating that he had been paroled and informing the Court of his new address (Doc. 6).

Harrington's notice of change of address, filed on February 3, 2017, is the last filing the Court received from him.

The Court twice granted Defendants an extension of time to file a motion for summary judgment on the issue of exhaustion due to Harrington's failure to provide responses to their October 5, 2017 written discovery requests concerning the same (Docs. 24 and 26). On December 8, 2017, Defendants asked the Court to enter an order compelling Harrington to provide his discovery responses, as they had still not been provided (Doc. 27). The Court granted Defendants' Motion and ordered Harrington to provide responses to Defendants' interrogatories and requests to produce by January 17, 2018. The Court specifically warned Plaintiff that his failure to abide by the Order "may result in the imposition of sanctions, including dismissal of this lawsuit" (Doc. 30).

On February 9, 2018, Defendants filed their first motion for sanctions and dismissal (Doc. 31), in which they request the Court to dismiss this case pursuant to Rules 37 and 41(b) of the Federal Rules of Civil Procedure due to Harrington's lack of prosecution of this matter and failure to comply with the Court's Order. Harrington did not file a response to Defendants' Motion.

Defendants filed their second motion for sanctions and dismissal (Doc. 32) on March 20, 2018. In the Motion, Defendants explain that they sent Harrington a copy of their first Motion, but it was returned to sender. Defendants contend Harrington's failure to comply with the Court's Order directing him to notify counsel of his change of address is yet another basis for dismissal of his lawsuit under Rule 41(b).

## Discussion

Federal Rule of Civil Procedure 41(b) provides for involuntary dismissal for failure to prosecute an action or to comply with court orders. Under the Rule, an action may be dismissed

"when there is a clear record of delay or contumacious conduct, or when other less drastic sanctions have proven unavailing." *Maynard v. Nygren*, 332 F.3d 462, 467 (7th Cir. 2003) (quoting *Williams v. Chicago Bd. of Educ.*, 155 F.3d 853, 857 (7th Cir. 1998) (other citations omitted). Although there is no requirement of graduated sanctions prior to dismissal, the Court must provide an explicit warning before a case is dismissed. *Aura Lamp & Lighting Inc. v. International Trading Corp.*, 325 F.3d 903, 908 (7th Cir. 2003) (citing *Ball v. City of Chicago*, 2 F.3d 752, 760 (7th Cir. 1993)). Dismissal is the most severe sanction that a court may apply; as such, its use must be tempered by a careful exercise of judicial discretion. *Webber v. Eye Corp.*, 721 F.2d 1067, 1069 (7th Cir. 1983).

The Seventh Circuit has identified several factors a court should consider before entering an involuntary dismissal, including:

> the frequency of the plaintiff's failure to comply with deadlines; whether the responsibility for mistakes is attributable to the plaintiff herself or to the plaintiff's lawyer; the effect of the mistakes on the judge's calendar; the prejudice that the delay caused to the defendant; the merit of the suit; and the consequences of dismissal for the social objectives that the litigation represents. *Aura Lamp & Lighting Inc. v. Int'l Trading Corp.*, 325 F.3d 903, 908 (7th Cir. 2003).

A case may also be dismissed pursuant to Rule 37 of the Federal Rules of Civil Procedure when the Court finds "willfulness, bad faith or fault on the part of the defaulting party." *Brown v. Columbia Sussex Corp.*, 664 F.3d 182, 190 (7th Cir. 2011). However, the sanction of dismissal must be "proportionate to the circumstances." *Collins v. Illinois*, 554 F.3d 693, 696 (7th Cir. 2009).

Dismissal is clearly warranted in this case under either Rule 37 or Rule 41(b), even with its stricter standard. Harrington has exhibited disregard for court orders. In particular, he failed to notify Defendants of a change in his address. More importantly, Harrington failed to comply

with the Court's Order directing him to respond to Defendants' written discovery on the issue of exhaustion.

Harrington has wholly failed to respond to their discovery requests. As a result, Defendants have been unable to file a dispositive motion on the issue of exhaustion or engage in discovery on the merits, and this case is approximately eight months behind schedule. Harrington has also failed to respond to Defendants' motions for sanctions and dismissal. Indeed, his last filing in this matter was well over one year ago.

Harrington's conduct in this case demonstrates a clear record of bad faith and contumacious conduct that has needlessly delayed this litigation. While the Court notes that less severe sanctions are available, they would be unavailing as Harrington has clearly lost interest in litigating this matter. Moreover, Defendants would be unfairly prejudiced if this matter were allowed to languish on the Court's docket any longer. Therefore, Plaintiff's conduct warrants dismissal under Rules 37 and 41(b).

### Conclusion

For the foregoing reasons, Defendants' Motions for Sanctions and Dismissal (Docs. 31 and 32) are **GRANTED** and this matter is **DISMISSED WITH PREJUDICE**. The Clerk of Court is **DIRECTED** to close the case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: July 2, 2018**

                                            **s/ Staci M. Yandle**
                                            **STACI M. YANDLE**
                                            **United States District Judge**